UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FILED
At _____ SEP - 8 2010
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GROUP FORCE CAPITAL, LLC, a Florida limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.<br>) 3:10CV0385<br>) |
| VIRTUOSO DISTILLERS, LLC, a Indiana limited liability company | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) FEDERAL UNFAIR COMPETITION (3) COMMON LAW UNFAIR COMPETITION; (5) VIOLATION OF LANHAM ACT § 43(D); AND DEMAND FOR JURY TRIAL

Plaintiff, GROUP FORCE CAPITAL, LLC ("Plaintiff" or "GROUP FORCE"), by its undersigned attorneys, hereby sues Defendant, VIRTUOSO DISTILLERS, LLC ("Defendant" or "VIRTUOSO"), an individual, and alleges as follows:

### JURISDICTION AND VENUE

1. GROUP FORCE is a limited liability company organized and existing under the laws of the State of Florida, and having its principal place of business in Aventura, Florida.

2. VIRTUOSO, on information and belief, is a corporation organized and existing under the laws of the State of Indiana and having its principal place of business in Mishawaka, Indiana.

3. This is a civil action for federal trademark infringement, federal unfair competition, violation of anti-cybersquatting consumer protection act, common law unfair competition, unfair competition under Indiana State law and the applicable common law.

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark and unfair competition).

This Court has personal jurisdiction over Defendant as Defendant's reside in this district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Sections 1391(b) and (c) in that GROUP FORCE'S controversy arises in this District, where Defendant VIRTUOSO resides.

## GENERAL ALLEGATIONS

### Plaintiff's use of the *L'Chaim* trademark

6. GROUP FORCE is a company in the business of creating and distributing alcoholic beverages under the trademark *L'Chaim*. GROUP FORCE's *L'Chaim* branded products are currently being sold in various locations around the United States. GROUP FORCE maintains an internet website at www.lchaimkoshervodka.com, where *L'Chaim's* products are displayed.

7. GROUP FORCE's predecessor created the concept of a line of Kosher alcoholic beverages under the mark, *L'Chaim*. On or about June 11, 2009, Plaintiff's predecessor in interest filed a Section 1(b) US trademark application for the *L'Chaim* word mark under International Class 033 (alcoholic beverages), Serial No. 77/757,055 ("Application").

8. On or about November 3, 2009, the USPTO published Plaintiff's Application for opposition. The Notice of Publication stated that "[a]ny party who believes it will be damaged by the registration of the mark may file a notice of opposition."

9. No such opposition to the Application was filed.

10. On March 9, 2010, GROUP FORCE filed a 15 USC § 1051(d) Statement of Use with the USPTO, stating that the First Use in Commerce was January 23, 2010.

11. GROUP FORCE's Application matured into Federal Trademark Registration No. 3,791,405 on May 18, 2010. A true and correct copy of GROUP FORCE's trademark registration certificate is attached hereto as Exhibit "A".

12. Since then, GROUP FORCE and its predecessors have adopted and continuously used in interstate commerce the trademark *L'Chaim.*

13. Plaintiff's trademark is a fanciful mark or at least suggestive mark, and as such is inherently distinctive.

**Defendant's Infringing Use of the *L'Chaim* Mark.**

14. Eleven (11) months after Plaintiff first filed its Application, on March 14, 2010, Defendant VIRTUOSO applied for a trademark registration of the virtually identical word mark, *L'Chaim Vodka*, with the USPTO for Vodka under the International Class 033 (Serial No. 77/958,477). A true and correct copy of VIRTUOSO's trademark application is attached hereto as Exhibit "B".

15. VIRTUOSO's application was submitted despite the fact that GROUP FORCE had previously registered the mark *L'Chaim* for alcoholic beverages.

16. On or about June 24, 2010, the USPTO issued a Section 2(d) refusal of VIRTUOSO's application, stating that VIRTUOSO's use of the *L'Chaim* mark "so resembles [GROUP FORCE's *L'Chaim*] registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of the applicant and registrant." A true and correct copy of the USPTO refusal is attached hereto as Exhibit "C".

17. With its back against the wall, on August 13, 2010, Defendant, VIRTUOSO, filed a Petition for Cancellation before the Trademark Trial and Appeal Board at the USPTO (Cancellation No. 92,052,892), alleging a priority of use, likelihood of confusion, no bona fide intent and fraud on the USPTO.

18. Despite having received two cease and desist letters from the undersigned and a Section 2(d) refusal of its trademark application from the USPTO, Defendant continues to use the website: www.lchaimvodka.com, where it displays a bottle of its infringing L'Chaim Vodka bottle.

19. Defendant's actions have caused and will cause GROUP FORCE irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by this Court, Defendant will continue and/or expand the improper activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to GROUP FORCE, by *inter alia:*

   a. Depriving GROUP FORCE of its statutory rights to use and control use of its exclusive trademarks;

   b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing services;

   c. Causing the public falsely to associate the Plaintiff and Defendant's respective but identical *L'Chaim* marks;

   d. Causing incalculable and irreparable damage to GROUP FORCE's goodwill and dilution of the value of its trademarks.

20. Accordingly, in addition to other relief sought, GROUP FORCE is entitled to preliminary and permanent injunctive relief against Defendant and against all persons acting in concert with it.

## I. FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114 – 1117; Lanham Act § 32)

21. GROUP FORCE realleges and incorporates by reference the allegations of paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Without GROUP FORCE's consent, Defendant has used the *L'Chaim* mark, which infringes on the *L'Chaim* mark previously registered and used by GROUP FORCE.

23. Specifically, GROUP FORCE's *L'Chaim* trademark, Registration no. 3,791,405 is being infringed upon by Defendant use of the mark *L'Chaim Vodka*.

24. VIRTUOSO's infringing mark is essentially identical to that of GROUP FORCE.

4

25. VIRTUOSO's infringing mark is likely to cause confusion, mistake, or deception as to its source, affiliation, origin connection, association, or sponsorship.

26. Increasing this likelihood of confusion, Defendant is advertising its *L'Chaim Vodka* on a website titled "www.**lchaim**vodka.com" (emphasis added).

27. As a result of this wrongful conduct, Defendant is liable to GROUP FORCE for trademark infringement. 15 U.S.C. § 1114(1). GROUP FORCE has suffered, and will continue to suffer monetary damages which it is entitled to recover, including any and all profits Defendant has made as a result of his wrongful conduct, as minimal as they may be. 15 U.S.C. § 1117(a).

28. GROUP FORCE is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as GROUP FORCE has no adequate remedy at law.

29. GROUP FORCE is further entitled to recover its attorneys' fees and costs. 15 U.S.C. § 1117.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as further set forth in the Prayer for Relief below.

## II.  FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

30. GROUP FORCE realleges and incorporates by reference the allegations of paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Because GROUP FORCE advertises, markets, distributes and licenses its products under the *L'Chaim* mark, these marks are the means by which GROUP FORCE's products are distinguished from those of others in the same or related fields.

32. Defendant's conduct constitutes the improper use of the same term — *L'Chaim* — to describe its infringing product. The distinctive *L'Chaim* mark has become impressed upon the minds of the trade and public as identifying Plaintiff's alcoholic beverages, and as indicating the source of origin of such products provided in association with the *L'Chaim* mark

as emanating from Plaintiff. The reputation and goodwill in the mark is of great value to Plaintiff.

33. Defendant is marketing, and at least attempting to use and offer for sale its goods through the use of the *L'Chaim* mark with the purpose of misleading, deceiving or confusing customers and the public as to the origin and authenticity of the services and of trading upon GROUP FORCE's goodwill and reputation. Defendant's conduct as described herein also constitutes an attempt to trade on the goodwill that Plaintiff has developed in the *L'Chaim* mark, all to the damage of Plaintiff.

34. Additionally, Defendant has engaged in cyber-squatting by not taking down www.lchaimvodka.com, as described *supra*, which is confusingly similar – and essentially identical – to Plaintiff's trademark, with a bad faith intent to profit. Defendant's use in commerce of the infringing domain name which is confusingly similar to the *L'Chaim* mark, despite Defendant having actual and constructive notice of Plaintiff's prior rights in and to the *L'Chaim* mark, constitutes intentional conduct by Defendant to make false designations of origin about his products and commercial activities.

35. Defendant's conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of GROUP FORCE and in violation of 15 U.S.C. § 1125(a)(1).

36. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

WHEREFORE, Plaintiff seeks temporary and permanent injunctive relief, damages and treble damages in an amount to be proven at trial, attorneys' fees and costs, disgorgement of any and all gains, profits and advantages derived from Defendant's unlawful activities, and such other relief as the court deems just and proper, as further set forth in the Prayer for Relief below.

### III.     UNFAIR COMPETITION
### (Common law)

37. GROUP FORCE realleges and incorporates by reference the allegations of paragraphs 1 through 36, inclusive, as though fully set forth herein.

38. Defendant's use of the *L'Chaim* mark and infringement of GROUP FORCE's mark constitutes unlawful and unfair business practices.

39. Defendant is marketing, and at least attempting to use and offer for sale his goods through the use of the *L'Chaim* mark with the purpose of misleading, deceiving or confusing customers and the public as to the origin and authenticity of the services and of trading upon GROUP FORCE's goodwill and reputation.

40. As a direct and proximate result of Defendant's misconduct, GROUP FORCE has suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as further set forth in the Prayer for Relief below.

### IV.     VIOLATION OF LANHAM ACT § 43(D)
### (Anti-Cybersquatting Consumer Protection Act)

41. GROUP FORCE realleges and incorporates by reference the allegations of paragraphs 1 through 41, inclusive, as though fully set forth herein.

42. Despite having received two cease and desist letters from the undersigned and a Section 2(d) refusal of their trademark application from the USPTO, Defendant continues to own the website: www.lchaimvodka.com, where it displays a bottle of its infringing L'Chaim Vodka bottle.

43. This domain name is identical or confusingly similar to Plaintiff's trademark,

44. Defendant's registration and maintaining of this domain name, which is identical or confusingly similar to Plaintiff's trademark, constitutes cyber-squatting with bad faith intent to profit from Plaintiff's mark.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as further set forth in the Prayer for Relief below.

## V.  PRAYER FOR RELIEF

WHEREFORE, GROUP FORCE prays that this Court grant it the following relief:

1. A judgment that GROUP FORCE's trademark has been infringed by Defendant in violation of GROUP FORCE's rights under common law and 15 U.S.C. § 1114.

2. A judgment that Defendant has competed unfairly with GROUP FORCE in violation of GROUP FORCE's rights under common law and 15 U.S.C. § 1125(a).

3. A judgment that Defendant, and each of its agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with him, be enjoined and restrained from:

   a. Advertising, promoting, selling, offering for sale, or distributing any services or products that use any words or symbols that so resemble the *L'Chaim* mark — including but not limited to the *L'Chaim* name — as to be likely to cause confusion, mistake or deception;

   b. Using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or his goods with GROUP FORCE, with the *L'Chaim* mark, or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact;

   c. Registering any domain name which includes the *L'Chaim* mark or which is confusingly similar to the *L'Chaim* mark;

   d. Further infringing the rights of GROUP FORCE in and to its trademark or otherwise damaging GROUP FORCE's goodwill or business reputation;

   e. Otherwise competing unfairly with GROUP FORCE in any manner; and

   f. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

8

4. A judgment requiring Defendant to transfer the registration of www.lchaimvodka.com to Plaintiff.

5. A judgment requiring Defendant, within thirty (30) days after service of the Judgment demanded herein, to destroy all advertisements and marketing materials containing infringing materials.

6. A judgment requiring Defendant, within thirty (30) days after service of the Judgment demanded herein, to file with this Court and serve upon GROUP FORCE's counsel a written report under oath setting forth in detail the manner in which Defendant has complied with the Judgment.

7. A judgment ordering that Defendant hold in trust, as constructive trustee for the benefit of GROUP FORCE, its profits, if any, obtained from the infringement of GROUP FORCE's *L'Chaim* mark.

8. A judgment ordering Defendant to provide GROUP FORCE with a full and complete accounting of all amounts due and owing to GROUP FORCE as a result of Defendant's illegal activities.

9. A judgment that GROUP FORCE recover from Defendant damages in an amount to be proven at trial, including general, special, actual and statutory damages. Pursuant to 15 U.S.C. § 1117, the amounts should include GROUP FORCE's damages and Defendant's profits, if any, trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2), for Defendants' willful violations of the *L'Chaim* marks, and damages under common law.

10. A judgment ordering Defendant to pay GROUP FORCE's reasonable attorneys' fees and costs.

11. A judgment that Defendant be required to pay GROUP FORCE punitive damages for Defendant's oppression, fraud, malice and intentional misconduct.

12. A judgment for all such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

13. Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

DATED: September 7, 2010

John David Hoover (Atty. # 7945-49)
Daniel K. Burke (Atty. # 24572-49)
Don R. Hostetler (Atty. # 24239-49)
HOOVER HULL LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Telephone: (317) 822-4400
Facsimile: (317) 822-0234
*Attorneys for Plaintiff, Group Force Capital, LLC*